IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01727-SKC-KAS

TEAGAN RASMUSSEN,

     Plaintiff,

v.

KATHLEEN BURNETT,
TYLER LALICKER,
MILTON JOHNS, and
MICHELLE BURNETT-JOHNS,

     Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on **Defendant Michelle Burnett-Johns' Motion to Dismiss** [#5] (the "Burnett-Johns Motion"); **Defendant Kathleen "Katie" Burnett's Motion to Dismiss** [#6] (the "Burnett Motion"); and **Defendant Tyler Lalicker's Motion to Dismiss** [#7] (the "Lalicker Motion") (together, the "Motions to Dismiss"). Plaintiff, who proceeds in this matter pro se,[1] did not respond to the Motions to Dismiss [#5, #6, #7], even though the Court sua sponte granted her an extension until December 17, 2024, to do so. *See Minute Order* [#37] at 1. The Court warned Plaintiff that "failure to do so may result in the Court ruling on [the Motions] without the benefit of her input." *Id.*

_____

[1] The Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Additionally, pro se parties must follow the same rules of procedure that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

Separately, Plaintiff filed a **"Motion for Summary Judgement: Amended"** [#18] (the "Summary Judgment Motion"). Defendants Burnett, Lalicker, and Burnett-Johns filed a Response [#19] in opposition to the Summary Judgment Motion [#18], along with a Memorandum of Law in Opposition [#20] ("Opposition Brief"), though no reply brief was filed and the time to do so has elapsed. The Motions to Dismiss [#5, #6, #7] and Summary Judgment Motion [#18] have been referred to the undersigned. *See Memorandum* [#35].

The Court has reviewed the briefs, the entire case file, and the applicable law. For the following reasons, the Court **RECOMMENDS** that the Motions to Dismiss [#5, #6, #7] be **GRANTED,** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE,** and that Plaintiff's Summary Judgment Motion [#18] be **DENIED AS MOOT**.

## I. Background[2]

The parties in this case have been caught in a web of litigation which commenced in the Eastern District of Virginia in April 2023. *Compl.* ¶ 6.[3] This web appears to have started spinning contemporaneous with a child custody dispute in Louisiana. *Id.* ¶ 8. Plaintiff's Complaint [#1] is not a model of clarity. Consequently, the exact chain of material events is hard to follow. Nevertheless, through her Complaint, Plaintiff seeks redress for alleged intimidation, insults, and injustices committed by Defendants individually or collectively since the summer of 2022.

---

[2] For purposes of resolving the Motions to Dismiss [#5, #6, #7], the Court accepts as true all well-pleaded, as opposed to conclusory, allegations made in Plaintiff's Complaint [#1]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). To the extent Plaintiff's allegations reference filings in *Burnett v. Rasmussen*, Case No. 23-cv-03445-KAS (D. Colo. 2023), the Court takes judicial notice of its own files and records. *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (stating that "[t]he court is permitted to take judicial notice of its own files and records") (citation omitted).

[3] That case was *Burnett v. Rasmussen*, No. 1:23-cv-00503-LMB-IDD (E.D. Va. 2023) ("E.D. Va. Case") (seeking monetary damages for alleged defamation).

In the summer of 2022, Defendant Kathleen Burnett ("Defendant Burnett") allegedly sent "untrue" and "harmful" messages to Plaintiff's ex-partner, which were used in the Louisiana child custody dispute. *Id*. Plaintiff later made unspecified, unsuccessful attempts to settle a dispute with Defendants Burnett and Tyler Lalicker ("Defendant Lalicker") "so she would not lose custody," but the custody battle ended unfavorably. *Id*., ¶¶ 9, 11.

Plaintiff first interacted with Defendant Milton Johns ("Defendant Johns"), who was acting as counsel for Defendants Burnett and Lalicker, in November 2022. *Id*., ¶ 10. Defendant Johns had sent Plaintiff a cease-and-desist letter "that was full of untrue information, including claims [Plaintiff] had spoken ill of defendants on social media[.]" *Id*

About five months later, Defendants Burnett and Lalicker (through their attorney, Defendant Johns) filed a defamation lawsuit against Plaintiff in the United States District Court for the Eastern District of Virginia (the "E.D. Va. Case"). *Id*., ¶ 6. Plaintiff claims that none of the papers they filed in the E.D. Va. Case were made in good faith. *Id*., ¶ 14. She accuses Defendants Lalicker, Burnett, and Johns of abuse of process through ethics violations, dishonesty, non-disclosure of conflicts of interest, factual misrepresentations, and public disclosure of "private facts," among other conduct. *Id*., ¶ 15. She claims that Defendant Johns refused to speak to her until the day before various proceedings in the E.D. Va. Case, acted in bad faith during settlement proceedings, objected to an extension of time when Plaintiff had broken her collarbone and suffered a concussion, and threatened Plaintiff with long and expensive legal battles. *Id*., ¶ 16.

About five months after the E.D. Va. Case commenced, Plaintiff discovered that Defendant Johns is married to Defendant Michelle Burnett-Johns ("Defendant Burnett-

3

Johns"), Defendant Burnett's mother, and Plaintiff claims that this "conflict of interest" was not disclosed. *Id.*, ¶ 17.

Two months later, in November 2023, Defendant Johns brought a second defamation lawsuit against Plaintiff, this time on behalf of Defendant Burnett-Johns in Fairfax, Virginia. *Id.*, ¶¶ 23-24. That complaint was allegedly never served on Plaintiff, though a copy was "taped to [her] door," which Plaintiff claims violated her "implied right to a zone of privacy" because the complaint contained her personal identifying information and "unproven claims about her." *Id.*, ¶¶ 25-26. Plaintiff claims she was "basically forced into silence by threat [sic]," including by an unidentified individual "telling [her] to kill herself," and "by use of her personal information online." *Id.*, ¶¶ 27-28. Plaintiff also claims that someone on behalf of one or more Defendant(s) called the Arapahoe County Sheriff's Office to report that she was trying to hurt herself. *Id.* ¶ 29. She further claims that Defendant Johns threatened to get licensed in Colorado so that he could bring legal action against her for her continued defamation of him and his clients. *Id.* ¶ 30.

About a month later, Defendant Johns followed through on that alleged "threat" by filing a lawsuit in this District on Defendants' behalf (the "D. Colo. Case"), seeking injunctive relief and monetary damages for alleged defamation. *Id.*, ¶ 34.[4] Plaintiff claims that Defendant Johns engaged in harassing, uncooperative, and unprofessional conduct in the D. Colo. Case, including alleged failures to confer with her in advance of filing motions, failure to assist her with preparing a proposed scheduling order, belatedly sending her a draft motion to transfer the D. Colo. Case to the Eastern District of Virginia, failing to include certain information in that motion they had discussed, and filing that

---

[4] That case was *Burnett v. Rasmussen*, No. 23-cv-03445-KAS (D. Colo. 2023).

motion without her agreement. *Id.*, ¶¶ 41, 48, 51, 52. Plaintiff further complains that, upon transfer of the D. Colo. Case, the Eastern District of Virginia matter "appear[ed] to have been reopened, despite assurances" that it would not be. *Id.* ¶¶ 52, 53, 55.

Plaintiff lodges an abuse of process claim against Defendants. *See, e.g.*, *id.*, ¶ 66 (alleging that Defendants "have intentionally perverted the civil justice system in a way inconsistent with the goal of reaching settlements or agreements"); *id.* at 12, § E.1 (stating that Plaintiff "has been the victim of multiple violations of abuse of process by the defendants"). She also accuses Defendant Johns of violating various ethics rules, including Rules 1.7, 4.1, 4.3, and 4.5. *Id.*, ¶ 68.[5] Plaintiff seeks the following relief: monetary damages totaling $400,000; "a permanent and formal injunction against al[l] the defendant[]s preventing them from further filing any more actions against [Plaintiff], sans any actual egregious or aggressive acts committed by [Plaintiff] against the defendants"; and "relief from the negligible consent decree entered in the [E.D. Va. Case]," which she alleges is the product of fraud and duress. *Id.* at 12, § E.4.-7.

Defendants Burnett and Lalicker move to dismiss Plaintiff's claims against them for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *See Burnett Motion* [#6] at 1-7; *Lalicker Motion* [#7] at 1-7. Defendant Burnett-Johns moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim under Rule 12(b)(6). *See Burnett-Johns Motion* [#5] at 1-5.

---

[5] Because Defendant Johns has not appeared or moved to dismiss, the Court does not consider Plaintiff's allegations as to Defendant Johns' professional misconduct in the context of the Motions to Dismiss [#5, #6, #7].

## II. Legal Standards

**A.    Rule 12(b)(1)**

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

A Rule 12(b)(1) challenge may take two different forms. "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003). "When resolving a facial attack on the allegations of subject matter jurisdiction, a court must accept the allegations in the complaint as true." *Graff v. Aberdeen Enterpizes, II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). "When the moving party attacks the factual basis for subject matter jurisdiction, on the other hand, a court 'may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.'" *Id.* (quoting *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997)).

**B.    Rule 12(b)(2)**

Under Rule 12(b)(2) a defendant may challenge a court's exercise of personal jurisdiction. The plaintiff bears the burden of establishing personal jurisdiction over a

defendant. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). When, as here, the court decides a Rule 12(b)(2) motion to dismiss without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far W. Cap., Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (citing *Rambo*, 839 F.2d at 1416) (emphasis in original).

Federal Rule of Civil Procedure 4(k)(1)(A) permits federal courts to exercise personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district is located;" thus, Rule 4(k)(1)(A) implicates Colorado's long-arm statute. Colorado's long-arm statute provides multiple bases for the exercise of personal jurisdiction, including: (1) transaction of business in Colorado; (2) the commission of a tortious act in Colorado; and (3) the ownership, use, or possession of any real property situated in Colorado. COLO. REV. STAT. § 13-1-124(1)(a)-(c). Additionally, "[t]he Colorado Supreme Court has interpreted Colorado's long-arm statute to extend jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment." *AST Sports Sci., Inc.*, 514 F.3d at 1057 (citing *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (referencing *Mr. Steak, Inc. v. Dist. Ct.*, 574 P.2d 95, 96 (Colo. 1978))).

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*,

571 U.S. 277, 283 (2014) (citation omitted). Specifically, the defendant must have sufficient "minimum contacts" with the state so that the exercise of jurisdiction would not violate "traditional conception[s] of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Supreme Court has distinguished between two kinds of personal jurisdiction: "general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Court*, 592 U.S. 351, 358 (2021) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The "minimum contacts" test may be satisfied through either general jurisdiction or specific jurisdiction. *Otter Prods., LLC v. Phone Rehab, LLC*, No. 19-cv-00206-RM-MEH, 2019 WL 4736462, at *4 (D. Colo. Sept. 27, 2019).

Thus, in determining whether a forum State may assert specific jurisdiction over a nonresident defendant, the court "focuses on the relations among the defendant, the forum and the litigation." *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 780 (1984). A plaintiff must establish: (1) the defendant "purposefully directed" his activities toward the forum state, and (2) the litigation is a result of injuries that "arise out of or relate to" the defendant's contacts with the forum state. *Burger King*, 471 U.S. at 472. Merely random, fortuitous or attenuated contacts are not sufficient. *Id.* at 475.

## C.    Rule 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A

complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"; "[n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

## D.    Summary Judgment

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). However, a plaintiff cannot rest on her pleadings; rather, she "must point to record evidence supportive of [her] position; this means that, though ordinarily the court accepts plaintiff's version of the facts as the starting point for the legal analysis, that version will

be cognizable only if it is supported by record evidence." *Sanchez v. Guzman*, 105 F.4th 1285, 1299 (10th Cir. 2024).

### III. Analysis

### A.    Motions to Dismiss [#5, #6, #7]

Defendants Burnett and Lalicker argue that the Court lacks subject-matter jurisdiction under Rule 12(b)(1) because the allegations in this Complaint substantially overlap with the claims at issue in the D. Colo. Case, *i.e.*, *Burnett v. Rasmussen*, Case No. 23-cv-03445-KAS, which was filed first and is now pending in the Eastern District of Virginia. *Burnett Motion* [#6], ¶¶ 1-6; *Lalicker Motion* [#7], ¶¶ 1-6. They argue that the "first to file" rule and abstention doctrines deprive this Court of subject matter jurisdiction over Plaintiff's claims. *Burnett Motion* [#6], ¶¶ 7-13; *Lalicker Motion* [#7], ¶¶ 7-13. They also argue that Plaintiff has failed to state a claim because she has not identified any "improper" use of the judicial system. *Burnett Motion* [#6], ¶¶ 14-23; *Lalicker Motion* [#7], ¶¶ 14-23.

Defendant Burnett-Johns argues that the Court lacks personal jurisdiction over her because she does not have the requisite minimum contacts with Colorado that would allow this Court to exercise jurisdiction over her. *Burnett-Johns Motion* [#5], ¶¶ 1-10. She also argues that Plaintiff has failed to state a claim for abuse of process against her. *Id.*, ¶¶ 11-22. The Court must first address Defendants' jurisdictional arguments before it can consider the plausibility of Plaintiff's claims. *Cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (internal quotation marks and citation omitted).

### 1.     The First-to-File Rule

The Tenth Circuit has adopted the "first-to-file rule," which means, "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) (citation omitted). The rule avoids the waste of duplicative rulings, rulings that "may trench upon the authority of sister courts," and "piecemeal resolution of issues that call for a uniform result.'" *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, 189 F.3d 477 (table), 1999 WL 682883, at *2 (10th Cir. 1999) (quoting *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)).

Enforcement of the first-to-file rule is within a court's discretion. *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1297 (D. Kan. 2010). In applying the rule, courts consider three non-exhaustive factors: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016)). Courts may also consider "other equitable factors," such as "inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Id.* (citing same). Moreover, the first-to-file rule does not require identity of claims, but at least "substantial overlap" is required. *Wallace B. Roderick Revocable Living Tr.*, 679 F. Supp. 2d at 1298 (quoting *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005)); *see also Wakaya Perfection, LLC*, 910 F.3d at 1127 (stating that courts "place less weight on similarity when considering abstention in concurrent federal cases than

when one of the cases is in state court" because litigants are not deprived of a federal forum).

Here, the Court does not find that abstention is warranted under the "first-to-file" rule. The first factor is satisfied, as this matter was filed long after the D. Colo. Case and just days after that case was transferred to the Eastern District of Virginia.[6] *Compl.* [#1] (filed June 20, 2024); *D. Colo. Case Order* [#39] in Case No. 23-cv-03445-KAS. However, the second factor, identity of parties, is only partially satisfied. While Plaintiff and Defendants Burnett and Lalicker are parties to both cases, Defendants Johns and Burnett-Johns are not parties to the D. Colo. Case, which was transferred to the Eastern District of Virginia. Finally, the third factor, similarity of claims or issues, is not satisfied. The D. Colo. Case focused on alleged defamation between the parties, while the current matter focuses on Defendants' alleged abuse of process in pursuing civil claims against Plaintiff, including events that occurred after pleadings closed in the D. Colo. Case. *Compare Answer* [#16] in the D. Colo. Case, No. 23-cv-03445-KAS *with Compl.* [#1]. Moreover, the Court does not find a significant risk of encroachment upon a sister court's authority or inconsistent rulings because under Colorado law, favorable termination of the first-filed action is not an element of an abuse of process claim. *Cf. Hewitt v. Rice*, 154 P.3d 408, 414 (Colo. 2007) (stating that "abuse of process requires the plaintiff to prove neither favorable termination nor malice"). Thus, Defendants' ultimate success (or failure) in their ongoing defamation case in the Eastern District of Virginia is immaterial to Plaintiff's claims in this case. In sum, the Court finds insufficient overlap between the two cases, in both parties and claims, to justify abstention.

---

[6] The transferred case bears case number 24-cv-01030-IDD (E.D. Va.).

### 2.    Personal Jurisdiction

Defendant Burnett-Johns argues that this Court does not have personal jurisdiction over her because Plaintiff has insufficiently alleged sufficient minimum contacts with Colorado. *Burnett-Johns Motion* [#5], ¶¶ 3-6. In her Complaint [#1], Plaintiff alleges that the Defendants are all non-residents of Colorado. *Cf. Compl.* [#1], ¶ 2 ("Defendants are all adult residents living in the state of Virginia."). As for Defendant Burnett-Johns, Plaintiff only alleges that she is married to Defendant Johns and is Defendant Burnett's mother; filed a civil action for defamation in Fairfax, Virginia; "never served this lawsuit" on Plaintiff but also "had a copy of [her] lawsuit taped to [Plaintiff's] door"; and that on June 6, 2024, Plaintiff received a letter from Fairfax circuit court related to Defendant Burnett-Johns' defamation lawsuit. *Id.*, ¶¶ 17, 24-26, 54.

Even on a liberal construction of the Complaint [#1], the Court identifies only one contact between Defendant Burnett-Johns and Colorado: the delivery of her Virginia state court complaint to Plaintiff's Colorado address. *Id.*, ¶¶ 24-26 (describing the document "taped to [Plaintiff's] door" as "a copy of their lawsuit"). However, sending a civil complaint to Plaintiff's Colorado address is insufficient to establish personal jurisdiction over Burnett-Johns in Colorado. While "the act of *filing* a lawsuit in a particular state is sufficient to establish jurisdiction over the plaintiff *in the courts of that state*," *see Rusakiewicz v. Lowe*, 556 F.3d 1095, 1101 (10th Cir. 2009) (emphasis added), the Court could find no authority stating that an out-of-state plaintiff who serves process on a defendant implicitly consents to personal jurisdiction *in the defendant's home state*. On the contrary, by choosing to file suit against Plaintiff in Virginia rather than in Colorado, Defendant Burnett-Johns purposefully availed herself of the privilege of conducting activity in *Virginia*, not in

Colorado. *Cf. Burger King*, 471 U.S. at 475 (discussing "purposeful availment" requirement).

The Court therefore finds that Plaintiff has not met her burden of establishing either general or specific personal jurisdiction over Defendant Burnett-Johns. She has not shown that Defendant Burnett-Johns "purposefully directed" any activity towards Colorado or that Defendant Burnett-Johns is at home here. To hail Defendant Burnett-Johns into court in Colorado for merely attempting to serve a Virginia state court complaint on a Colorado resident would violate traditional notions of fair play and substantial justice enshrined in the Due Process Clause. *Cf. Burger King*, 471 U.S. at 464 (citation omitted). Accordingly, the Court **recommends** that the Burnett-Johns' Motion to Dismiss [#5] be **granted** and Plaintiff's claims against her be **dismissed without prejudice**. *See, e.g.*, *Shrader v. Biddinger*, 633 F.3d 1235, 1250 (10th Cir. 2011) (affirming dismissal of action without prejudice due to lack of personal jurisdiction over defendants).

### 3.    Failure to State a Claim

Defendants Burnett and Lalicker also argue that Plaintiff has failed to state a claim for abuse of process. *See Burnett Motion* [#6], ¶¶ 14-24; *Lalicker Motion* [#7], ¶¶ 14-24. To state an actionable claim for abuse of process, a plaintiff must plausibly allege: "(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, that is, use of a legal proceeding in an improper manner; and (3) resulting damage." *Walker v. Van Laningham*, 148 P.3d 391, 394 (Colo. App. 2006) (citations omitted). The second element—improper use of a legal proceeding—is "[t]he essential element of an abuse of process claim," and it is determined objectively. *Sterenbuch v. Goss*, 266 P.3d 428, 439 (Colo. App. 2011);

*James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994) (noting that whether there was "an improper *use* of the process" must be "viewed objectively") (emphasis in original).

"A litigant uses the legal proceeding in an improper manner when he seeks to use the process to accomplish a coercive goal," such as "the surrender of property or the payment of money, by the use of the [legal proceeding] as a threat or a club." *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1117-18 (10th Cir. 2009) (citations and internal quotation marks omitted). "Examples of improper use of process include recording a lis pendens or obtaining a writ of replevin as leverage to demand money, property, or some other advantage in exchange for a release or dismissal of the action." *Yadon v. Lowry*, 126 P.3d 332, 337 (Colo. App. 2005). When, as here, a plaintiff asserts that a lawsuit's filing *is* the abuse of process, the plaintiff must also plausibly allege that the underlying lawsuit "is 'devoid of factual support or if supportable in fact, [has] no cognizable basis in law.'" *Sterenbuch*, 266 P.3d at 438-39 (modifications in the original) (quoting *Yadon v. Lowry*, 126 P.3d 332, 337 (Colo. App. 2005) (additional citations omitted); *see also Dawson v. Cont'l Ins. Co.*, No. 13-cv-03511-PAB-KMT, 2015 WL 128158, at *3-4 (D. Colo. Jan. 8, 2015) (citing and applying *Yadon*, 126 P.3d at 337); *Compl.* [#1] ¶¶ 7-8 (alleging that Defendants Burnett and Lalicker "engaged in their first procedural abuse" by filing the E.D. Va. Case for damages in the Eastern District of Virginia); *see also id.* ¶¶ 23-24 (alleging that Defendant Johns abused process by filing a defamation lawsuit in Fairfax, Virginia, on Defendant Burnett-Johns' behalf).

Here, even if the Court assumes that Defendants had an ulterior purpose in bringing the E.D. Va. Case, the Fairfax, Virginia action, and the D. Colo. Case, Plaintiff

fails to plausibly allege an objectively "improper use" of the litigation process. Additionally, because Plaintiff claims that the filing of the lawsuits amounted to abuse of process, Plaintiff was required, but fails, to plausibly allege that any of those three actions were "devoid of factual support" or had "no cognizable basis in law." *Sterenbuch*, 266 P.3d at 438-39; *Yadon*, 126 P.3d at 227; *see also Dawson*, 2015 WL 128158, at *4 (reasoning that the abuse of process claim was subject to dismissal to the extent it was premised on the defendant's act of filing suit and where the plaintiff failed to establish that the "defendant's claims have no cognizable basis in law"). Moreover, the E.D. Va. Case resulted in a Consent Decree and Settlement Order for Permanent Injunction whereby Plaintiff is "permanently enjoined from making or publishing defamatory comments of any nature against [Defendants Burnett and Lalicker]." *See E.D. Va. Case Order* [#21], No. 1:23-cv-00503-LMB-IDD (E.D. Va.). The Court may take judicial notice of this. *See Horton v. Davis*, No. 13-cv-01089-REB-NYW, 2015 WL 7294815, at *1 (D. Colo. Nov. 19, 2015) (stating, "[a] court may also take judicial notice of other courts' files and records from the Electronic Court Filing . . . system, as facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (quoting *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1219 n.2 (10th Cir. 2011)).

Plaintiff's abuse of process claim rests on alleged conduct that falls within "the regular and legitimate function" of Defendants' defamation claims against her. *Sterenbuch*, 266 P.3d at 439 (quoting *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994)) (additional citations omitted). Specifically, Plaintiff alleges that:

- In November 2022, Defendant Johns sent Plaintiff a cease-and-desist letter claiming that she had defamed Defendants Burnett and Lalicker.

- On or around April 20, 2023, Defendants Johns, Burnett, and Lalicker filed the E.D. Va. Case, alleging defamation against Plaintiff.

- Defendants filed various documents in the E.D. Va. Case, including a "rejection of request for ADA help"; a "rejection of change of venue"; an attempt to dismiss Plaintiff's answer; unspecified ex parte filings and meetings with the judge; and an unsuccessful attempt to seek default judgment.

- Defendants refused to speak to Plaintiff until the day before proceedings; dropped their claim for monetary damages to $0; and refused to agree to an extension of time after Plaintiff had suffered a concussion and broken collarbone.

- Defendants did not disclose to the Court that Defendant Johns was married to Defendant Burnett-Johns, who is Defendant Burnett's mother.

- Plaintiff was "coerced" into signing a consent decree in the E.D. Va. Case.

- On or around November 8, 2023, Defendant Johns filed the Fairfax, Virginia action against Plaintiff regarding alleged defamation of Defendant Burnett-Johns.

- The Fairfax, Virginia action was "never served" on Plaintiff, but Defendants "had a copy of their lawsuit taped to [Plaintiff's] door," which copy contained Plaintiff's personal identifying information.

- In November 2023, Defendant Johns accused Plaintiff of continuing to defame Defendants, "threatening" to "get licensed in Colorado and take actions against her" if she filed actions against them.

- Defendant Johns was "approved to be a lawyer in the state of Colorado on November 17, 2023."

- Defendants attempted to reopen the E.D. Va. Case and add a contempt charge, without conferral, which the court rejected.

- On December 28, 2023, Defendants brought the D. Colo. Case seeking $1,000,000 in damages for defamation.

- Plaintiff filed a counterclaim in the D. Colo. Case, which Defendant Johns moved to strike and dismiss without conferral.

- In the D. Colo. Case, Defendant Johns stopped communicating with Plaintiff until just before the Scheduling Conference, did not assist her with the preparing proposed scheduling order, and filed multiple motions without conferral.

- Defendant Johns caused unspecified "confidential information to and about [Plaintiff]" to be filed publicly in the D. Colo. Case.

- Defendants sent a potential witness list to Plaintiff that included the mother of Plaintiff's child as well as the mother's boyfriend and members of the mother's family.

- At the D. Colo. Case Scheduling Conference, Plaintiff agreed to transfer the case to the Eastern District of Virginia "so long as [Defendant Johns] was fair and conferred with her."

- Plaintiff and Defendant Johns conferred by phone after the Scheduling Conference and discussed "a mutual agreement to delete any potentially harmful [social media] posts, . . . the simple transfer of the case and the possibility of letting go of everything to not waste anyone's time any further."

- In that call, Defendant Johns admitted that the Defendants knew they would not get any money and claimed no one wanted any money.

- Defendant Johns waited until 3:30 p.m. on the day the motion for transfer was due before conferring with Plaintiff.

- The motion for transfer "said nothing about attempts to end discussions and move on."

- After Plaintiff "insisted she would not sign anything," Defendant Johns filed the motion "sans agreement to it from the plaintiff."

- On June 6, 2024, Plaintiff found a letter from the Fairfax circuit court that included a June 24, 2024 court date.

*See Compl.* [#1], ¶¶ 8, 10, 13, 14, 16, 17, 21, 24, 25, 26, 29-34, 39, 40-43, 46, 48, 50-54.

In vague and conclusory fashion, Plaintiff characterizes Defendants' litigation conduct as improper, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff has not identified any objectively improper use of process. *Cf. Gustafson v. Am. Fam. Mut. Ins. Co.*, 901 F. Supp. 2d 1289, 1305 (D. Colo. 2012) (stating that improper use occurs "when a particular procedural tool is used in an attempt to accomplish a result which that tool, when properly used, could not provide").

On the contrary, litigants are entitled to prosecute zealously their cases, such as by filing motions over an opponent's objection and disclosing witnesses with knowledge of the litigants' claims or defenses. None of Defendants' alleged individual or collective conduct constitutes objectively "improper use" of the litigation process. In neither the D. Colo. Case nor the E.D. Va. Case have Defendants asked the court to exercise control

over any property Plaintiff may own while those actions were pending. *See Yadon*, 126 P.3d at 337 (identifying recording a lis pendens[7] or obtaining a writ of replevin[8] as improper use of process to accomplish a coercive goal). Moreover, as alleged, their D. Colo. and E.D. Va. Cases remained confined to the "regular and legitimate function in relation to" Defendants' defamation claims, and the relief they sought, *i.e.*, monetary damages and injunctive relief, was "properly invoked within the proceeding itself or contemplated by [D]efendant's causes of action." *Dawson*, 2015 WL 128158, at *3.

In sum, Plaintiff has failed to identify any improper use of process; therefore, she has failed to state a claim for abuse of process. Accordingly, the Court **recommends** that the Burnett Motion to Dismiss [#6] and the Lalicker Motion to Dismiss [#7] be **granted** and that Plaintiff's claims against Defendants Burnett and Lalicker be **dismissed without prejudice**. *See, e.g.*, *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (stating that "ordinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice").

**B.    Summary Judgment Motion [#18]**

Plaintiff moves for summary judgment "due to the ethical violations, lack of communication, and harms via abuse of process, a civil tort, done by [Defendants] against [Plaintiff]." *Summary Judgment Motion* [#18] at 1. In support of her request for summary

---

[7] "Lis pendens" means "Jurisdiction, power, or control which courts acquire over property in litigation pending action and until final judgment." *Lis Pendens*, BLACK'S LAW DICTIONARY (6th ed. 1991).

[8] "Replevin" means "An action whereby the owner or person or entitled to repossession of goods or chattels may recover those goods or chattels from one who has wrongfully distrained or taken or who wrongfully detains such goods or chattels. Also refers to a provisional remedy . . . which allows the plaintiff at any time before judgment to take the disputed property from the defendant and hold the property [pending the lawsuit]." *Replevin*, BLACK'S LAW DICTIONARY (6th ed. 1991).

judgment, Plaintiff attached an exhibit containing a plethora of social media posts, text messages, email messages, and other miscellaneous materials. *See generally Exhibit* [#18-1].

Because the Court recommends that Plaintiff's claims be dismissed for lack of personal jurisdiction and failure to state a claim, the Court also **recommends** that Plaintiff's Summary Judgment Motion [#18] be **denied as moot**. *See*, *e.g.*, *Martinez v. Napolitano*, No. 11-cv-01158-REB-KMT, 2013 WL 1222443, at *1, *3-4 (D. Colo. Mar. 25, 2013) (granting motion to dismiss and denying summary judgment motion on mootness grounds).

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motions to Dismiss [#5, #6, #7] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claims against Defendant Burnett-Johns be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claims against Defendants Lalicker and Burnett be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

IT IS FURTHER **RECOMMENDED** that the Summary Judgment Motion [#18] be **DENIED AS MOOT**.[9]

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party

---

[9] If this Recommendation is adopted in full, then only Plaintiff's claims against Defendant Milton Johns will remain; however, Defendant Johns has not entered an appearance in this matter.

may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: February 25, 2025                        BY THE COURT:

                                                Kathryn A. Starnella
                                                United States Magistrate Judge