IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01727-SKC-KAS

TEAGAN RASMUSSEN,

    Plaintiff,

v.

KATHLEEN BURNETT,
TYLER LALICKER,
MILTON JOHNS, and
MICHELLE BURNETT-JOHNS,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on **Defendant Kathleen "Katie" Burnett's Motion for Sanctions** [#12] (the "Burnett Sanctions Motion"); on **Defendant Michelle Burnett-Johns' Motion for Sanctions** [#14] (the "Burnett-Johns Sanctions Motion"); and on **Defendant Tyler Lalicker's Motion for Sanctions** [#15] (the "Lalicker Sanctions Motion") (together, the "Motions"). Plaintiff, who proceeds in this matter pro se,[1] did not respond to the Motions [#12, #14, #15], even though the Court sua sponte granted her an extension until December 17, 2024, to do so. *See Minute Order* [#37] at 1. The Court warned Plaintiff that "failure to do so may result in the Court ruling on [the Motions] without

---

[1] The Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Additionally, pro se parties must follow the same rules of procedure that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

the benefit of her input." *Id.* The Motions [#12, #14, #15] have been referred to the undersigned. *See Memorandum* [#35].

The Court has reviewed the briefs, the entire case file, and the applicable law. For the following reasons, the Motions [#12, #14, #15] are **DENIED WITHOUT PREJUDICE**.[2]

### I. Background[3]

Plaintiff lodges an abuse of process claim against Defendants arising from multiple defamation lawsuits they previously filed against her. *See Compl.* [#1], ¶¶ 13, 24, 34, 60; *id.* at § E.1. On July 19, 2024, and July 22, 2024, Defendants Burnett, Lalicker, and Burnett-Johns moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. *See generally Motions to Dismiss* [#5, #6, #7]. On August 13, 2024, the same three Defendants filed the current Motions [#12, #14, #15], which seek Rule 11 sanctions against Plaintiff for filing her Complaint [#1], which they argue is frivolous.

On February 25, 2025, the undersigned recommended that Plaintiff's claims be dismissed without prejudice due to lack of personal jurisdiction over Defendant Burnett-Johns and because Plaintiff had failed to state a claim for abuse of process. *See*

---

[2] Motions for sanctions are generally nondispositive, and therefore governed by Fed. R. Civ. P. 72(a), unless dispositive sanctions are recommended. *Cf. Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) (citations omitted); *see also Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997) (stating that "a request for sanction . . . is among the nondispositive matters which a magistrate judge may decide"). Rule 72(a) allows a magistrate judge to "issue a written order" rather than a recommendation on nondispositive pretrial matters.

[3] The Court summarizes Plaintiff's Complaint [#1] only to the extent relevant in this Order. A more thorough discussion of the allegations is contained in the undersigned's Recommendation [#49] on the Motions to Dismiss [#5, #6, #7] and Motion for Summary Judgment. *See Recommendation* [#] at 2-5, 16-19.

2

*Recommendation* [#49] at 2, 13-21. The Recommendation remains pending with the District Judge.

## II. Legal Standard

### A. Rule 11

When an attorney or unrepresented party files a pleading with a court, they are certifying four things "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the pleading "is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) the claims and legal contentions "are warranted by existing law or by a nonfrivolous argument" to extend, modify, or reverse existing law or to establish new law; (3) the claims have or will likely have evidentiary support; and (4) any "denials of factual allegations are warranted on the evidence" or "are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(1)-(4).

Rule 11(c) allows the court to impose sanctions on "any attorney, law firm, or party that violated the rule" after notice and a reasonable opportunity to respond. "[T]he central purpose of Rule 11 is to deter baseless filings in district court" and district courts have "broad discretion to impose Rule 11 sanctions[.]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 407 (1990).

When considering Rule 11 sanctions, courts follow two steps: (1) determine whether a pleading violates Rule 11; and (2) determine the appropriate sanction. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019). To avoid sanctions, a litigant's conduct must be objectively reasonable. *Id.* at 1320 (citing *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988)). A court may consider a litigant's pro se status when determining whether

3

to impose Rule 11 sanctions, but the objective reasonableness standard "applies whether the person against whom sanctions are sought is an attorney, a pro se litigant, or both." *McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 690 (D. Kan. 2003) (citing *Wesley v. Don Stein Buick, Inc.*, 184 F.R.D. 376, 378 (D. Kan. 1998)). Finally, in determining the appropriateness of Rule 11 sanctions, the court must resolve any doubts in favor of the party who signed the pleading. *Cf. Edwards v. Hare*, 682 F. Supp. 1528, 1535 (D. Utah 1988).

Procedurally, a motion for Rule 11 sanctions must "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). In this Circuit, substantial compliance with the rule (for example, sending an offending party a warning letter or letters rather than a copy of the sanctions motion) is insufficient. *Cf. Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006). Thus, Rule 11's safe harbor provision "is strictly enforced in this circuit." *Dowling v. Gen. Motors LLC*, 333 F.R.D. 534, 538 n.5 (D. Colo. 2019) (quoting *Wolf v. Petrock*, No. 08-cv-02749-PAB-KMT, 2010 WL 2232353, at *2 (D. Colo. June 2, 2010)); *see also Roth*, 466 F.3d at 1193 (holding that the district court abused its discretion in granting sanctions under Rule 11 where the moving party had not satisfied the safe harbor provision).

### III. Analysis

Defendants Burnett, Lalicker, and Burnett-Johns argue that the Court should impose Rule 11 sanctions against Plaintiff for filing her Complaint [#1]. *See generally Motions* [#12, #14, #15]. They assert that she failed to allege any factual basis for her

4

abuse of process claim, rendering her Complaint [#1] "completely frivolous and for the purpose of inflicting costs and inconvenience on Defendants." *See Burnett Sanctions Motion* [#12], ¶¶ 2, 4.[4] They aver that they sent Plaintiff a 21-day "safe harbor" notice to Plaintiff on July 22, 2024. *See id.*, ¶ 5. They each seek "$1,980.00, equal to four hours of [Defendant Johns'] time to respond to the Complaint and draft [the motions]." *Id.*, ¶ 9.

Here, even though the undersigned found that Plaintiff failed to state a claim for relief and failed to demonstrate sufficient minimum contacts to establish personal jurisdiction over Defendant Burnett-Johns, it does not find that Plaintiff's Complaint [#1] warrants Rule 11 sanctions. The Court considers Plaintiff's pro se status, her unfamiliarity with legal procedure, the fact that this is (to the Court's knowledge) the first lawsuit she has brought against Defendants. Additionally, based on the record in this case, the Court cannot unequivocally conclude that Plaintiff filed this complaint for an improper purpose. Drawing all inferences in favor of Plaintiff as the signing party, the Court finds that sanctions are not warranted. *Cf. Edwards*, 682 F. Supp. at 1535 (stating that "any doubts must be resolved in favor of the party signing the pleading").

While pro se litigants are subject to Rule 11 just as attorneys are, "a litigant's pro se status may certainly be considered when determining whether to impose Rule 11 sanctions." *McCormick*, 218 F.R.D. at 690. Courts are typically inclined to sanction pro se litigants under Rule 11 only when the litigant has been repeatedly warned that his or her

---

[4] The Motions [#12, #14, #15] are substantively identical, except for ¶ 3, which is modified to address each defendant's jurisdictional argument: Defendant Burnett-Johns asserted a lack of personal jurisdiction while Defendants Lalicker and Burnett both asserted a lack of subject matter jurisdiction under the "first-to-file" rule. *See Burnett Sanctions Motion* [#12], ¶ 3; *Burnett-Johns Sanctions Motion* [#14], ¶ 3; *Lalicker Sanctions Motion* [#15], ¶ 3. For brevity, in this Order, the Court cites the Burnett Sanctions Motion [#12] rather than citing all three motions' identical language.

legal theories are meritless or his or her improper purpose is clear from the record. *See*, *e.g.*, *Jenkins I. v. MTGLQ Investors, L.P.*, No. 1:03-cv-148 TC, 2005 WL 8176574, at *6 (D. Utah Mar. 14, 2005) (finding that "an objectively reasonable pro se litigant" would not have continued to pursue claims given "his past history of unsuccessful litigation [which] should have put him on notice to proceed with caution"); *Merrigan v. Affiliated Bankshares of Colo., Inc.*, 775 F. Supp. 1408, 1413 (D. Colo. 1991) (recommending sanctions against pro se litigants who "continue to litigate issues previously dismissed in the state court" and who "have devoted their life to litigating against all of the persons or corporations who may have been involved in the demise of their business adventures"); *see also United States ex rel. Maxwell v. Kerr Mc-Gee Oil & Gas Corp.*, No. 04-cv-01224-MSK-CBS, 2010 WL 582393, at *8 (D. Colo. Feb. 17, 2010) ("The imposition of Rule 11 sanctions is properly reserved for exceptional circumstances[.]") (quoting *Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*, 315 F. Supp. 2d 623, 627 (D.N.J. 2004)).

Pro se litigants are particularly likely to misunderstand the law and they sometimes fail to allege plausible claims as a result. *See, e.g.*, *McCormick*, 218 F.R.D. at 691 (observing that misunderstanding the law "is not an uncommon mistake for pro se litigants" before declining Rule 11 sanctions for procedural reasons); *Quarrie v. Wells*, No. 17-350 MV/GBW, 2019 WL 2107281, at *2-4 (D.N.M. May 14, 2019) (declining to impose sanctions on pro se litigant where his attempts to reallege previously dismissed claims seemed to result from good faith misunderstandings about substantive and procedural law); *see also Guttman v. Silverberg*, 374 F. Supp. 2d 991, 994 (D.N.M. 2005) (declining to sanction pro se litigant for improper removal based on "a misunderstanding of removal rules and procedures" where the court found no indication of bad faith). Here,

6

even though the Court finds that Plaintiff has failed to state a claim, it cannot conclude that her arguments are so legally or factually baseless as to be sanctionable.

Admittedly, Plaintiff's Complaint [#1] fixated on the number of lawsuits between her and Defendants and their allegedly ulterior purpose behind pursuing those claims, entirely overlooking the "improper use" element of abuse of process. *See Recommendation* [#49] at 14-20. However, the Court understands why a pro se litigant might not fully grasp this area of law or what elements she must allege. *See, e.g.*, Timothy P. Getzoff, *Dazed and Confused in Colorado*: *The Relationship Among Malicious Prosecution, Abuse of Process, and the Noerr-Pennington Doctrine*, 67 U. Colo. L. Rev. 675, 677 (1996) (stating that "overlap among the required elements makes it difficult to distinguish the three remedies, causing confusion for litigants and judges alike"). Plaintiff seems to genuinely believe that Defendants are using the legal process for an ulterior purpose, so her pursuit of an abuse of process claim does not appear to have been in bad faith.

To the Court's knowledge, Plaintiff has not raised these or similar claims before in another proceeding; the record contains no indication that she is continuing to pursue failed claims or that she should know better based on prior court rulings. *Cf. Merrigan*, 775 F. Supp. at 1413 (imposing sanctions where pro se litigants continued to litigate issues they had lost in state court); *Jenkins I.*, 2005 WL 8176574, at *6 (imposing sanctions where pro se litigant continued to pursue unsuccessful claims that had previously been rejected as frivolous). Given Plaintiff's pro se status, the errors in her Complaint [#1] that warrant dismissal appear to result from her misunderstanding of the elements of an abuse of process claim in Colorado, not from bad faith.

7

Additionally, the Court also notes that the Motions [#12, #14, #15] may be subject to denial for procedural reasons. *Cf. Guttman*, 374 F. Supp. 2d at 994 (finding that pro se litigant had not proceeded in bad faith but rather misunderstood removal procedures, before denying Rule 11 sanctions on procedural grounds); *McCormick*, 218 F.R.D. at 690-92 (finding sanctions unwarranted on the merits before noting that defendants had apparently failed to comply with the safe harbor provision, which also warranted denial of the motion). Defendants assert that they "gave [their] 21-day 'safe harbor' notice to Plaintiff on July 22, 2024," but they did not attach a copy of that notice for the Court's review. Defendants' vague description of their "safe harbor" notice renders unclear whether they sent Plaintiff a copy of the motion, as Rule 11 requires, or some other warning, which would be insufficient. *Cf. Roth*, 466 F.3d at 1191-92 (holding that "warning letters well in advance of filing their motions for sanctions" did not comply with Rule 11(c)'s requirement to serve the offending party "with copies of their actual motions for sanctions twenty-one days prior to filing those motions").

For the reasons discussed above, the Motions [#12, #14, #15] are **denied**.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motions for Sanctions [#12, #14, #15] are **DENIED**.

Dated: March 12, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

8